IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY LEGGETT                                                                              PLAINTIFF

V.                                                                CAUSE NO. 3:14-CV-364-CWR-FKB

GRAYBAR ELECTRIC COMPANY, INC.;                                                          DEFENDANTS
JOHN/JANE DOES 1-5

## ORDER

Before the Court is the defendant's motion to dismiss. After considering the facts, arguments, and applicable law, the motion will be denied.

I.  **Factual and Procedural History**

Johnny Leggett claims he was terminated by Graybar Electric Company, his employer of more than 26 years, for having two medical conditions and for giving an 800mg ibuprofen to a coworker. Docket No. 1-2, at 2. He alleges that neither the recipient of the ibuprofen nor employees who shared controlled substances were terminated. *Id.* at 2-3.

On December 3, 2013, Leggett filed this suit in the Circuit Court of Madison County, Mississippi, alleging race discrimination in violation of the Civil Rights Act of 1964, disability discrimination in violation of the Americans with Disabilities Act, breach of contract, and defamation. *Id.* at 3-4. An amended complaint added theories of intentional or negligent infliction of emotional distress, negligent management, and fraud, among others. *Id.* at 13.

On April 2, 2014, Leggett moved the Circuit Court for an extension of time in which to serve Graybar. *Id.* at 16. He claimed that he had made "numerous" attempts to serve Graybar; that he had served one of Graybar's employees, a person who has yet to be identified; that his attorney had personally made one attempt at effecting service; and that he had "reason to believe the defendant is attempting to evade service of process." *Id.* The motion was never adjudicated.

One day later, Graybar was served. Docket No. 1, at 1. It subsequently removed the suit to this Court by invoking federal question and diversity jurisdiction. *Id.* The present motion followed.

## II.     Arguments

Graybar contends that the case should be dismissed without prejudice because Leggett failed to effect service within the 120-day period afforded by Mississippi Rule of Civil Procedure 4(h), despite knowing the address of Graybar's registered agent. Docket No. 7. April 2 was the deadline, it says, so service on April 3 was too late. *Id.*

Leggett responds with an affidavit from his process server stating that she went to the registered agent's office "numerous times" between March 3 and April 2, 2014, and had "no success" in serving the summons and complaint. Docket No. 10-1. On April 2, 2014, for example, the door was locked and no one in the office picked up the phone, she claims. *Id.* Leggett argues that this circumstance and his motion seeking additional time together constitute "good cause" for an extension. Docket No. 11. He also argues that the statute of limitations was tolled for the 120 days which passed between the filing of the complaint and service. *Id.* Finally, he claims that he *did* serve the defendant properly within the 120-day window, possibly by serving one of Graybar's employees. *Id.*

Graybar's rebuttal says the good cause factors are not satisfied here. It takes special aim at the claim that it evaded service; it has attached an introductory email its attorneys sent to Leggett's attorney in January 2014, arguing that communicating months before the 120-day window expired shows there was no evasion. Docket No. 5.

2

**III. Law**

Because the events in question occurred while this case was pending in state court, this Court looks to state rules to determine whether service was proper. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946-47 (5th Cir. 2014) (collecting cases).

Under Mississippi Rule of Civil Procedure 4(d), a corporation is served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4). "Plaintiffs normally meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as prima facie evidence of the manner in which service was effected." *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009) (quotation marks and citations omitted).

Under Mississippi Rule of Civil Procedure 4(h), the plaintiff has 120 days from the filing of the complaint to serve the defendant with a summons and complaint. Miss. R. Civ. P. 4(h). If the plaintiff "cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." *Id.*

Under Mississippi Rule of Civil Procedure 6(b), when the rules require an act to be done "within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed." Miss. R. Civ. P. 6(b). "An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Cross Creek Prods. v. Scafidi*, 911 So. 2d 958, 960 (Miss. 2005) (quotation marks, citation, and brackets omitted).

"Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days." *Id.* Rather, a plaintiff "proceeding within the initial 120-day period prescribed by Rule 4(h), [is] entitled to an order from the trial judge for an enlargement of time in which to serve process 'for cause shown.'" *Johnson v. Thomas ex rel. Polatsidis*, 982 So. 2d 405, 413 (Miss. 2008) (quoting Rule 6(b)(1)); *accord Nelson v. Baptist Mem'l Hosp.-N. Mississippi, Inc.*, 972 So. 2d 667, 671 (Miss. App. 2007).

IV. **Discussion**

At the outset, the Court cannot credit Leggett's assertion that he served Graybar within the deadline via one of its employees. There is no record evidence showing who was served and whether that person was authorized to accept service of process. *See Johnson v. Rao*, 952 So. 2d 151, 155 (Miss. 2007) ("we must examine each case to determine whether the person was authorized as an agent for purposes of accepting service of process"); *Lewis v. Forest Family Practice Clinic, P.A.*, 124 So. 3d 654, 657 (Miss. 2013). His assertion will not suffice.

Turning now to the main issue, the briefing has focused on whether Leggett has shown good cause to receive an extension of time. But Mississippi law suggests that he is not required to show good cause because he moved for an extension before the deadline.

The difficulty of this case lies in its unusual fact pattern. Leggett moved for additional time to serve Graybar on the 120th day. His motion was timely; the deadline had not yet expired. Under Mississippi law, the motion simply needed to satisfy the "cause" standard. Mississippi law further provides that such a motion "normally will be granted in the absence of bad faith or prejudice to the adverse party." *Scafidi*, 911 So. 2d at 960. Neither of those is present here. The motion very likely would have been granted.

Graybar argues that the filing of the motion is irrelevant because Leggett "never . . . noticed that Motion for hearing, or otherwise sought (or, more importantly, obtained) court approval of his last-minute extension request." Docket No. 8, at 5. Graybar is correct that the motion was never adjudicated. The record does not explain why. We do not know whether the judge was out of the office, whether Leggett filed his motion at the last possible minute, or whether something else occurred. But it is not clear that any of those facts, if true, would be relevant under Mississippi law. The motion was filed before the deadline.

Leggett served Graybar the very next day. That was the 121st day after the filing of the complaint. All should agree it was better for Graybar to be served as promptly as possible, and that it would have been inappropriate for Leggett to delay service simply to get a ruling on his motion. After Leggett *did* achieve service, however, it is perhaps understandable that a state court would decline to take up an arguably moot motion in the remaining days it had jurisdiction over a case containing obviously federal claims. It was no longer that court's problem.

On one hand, Leggett acted appropriately in seeking an extension of time before his service deadline ran. His motion met the "cause" standard under Mississippi law because there was no bad faith or prejudice to the defendant. Leggett also acted appropriately in going ahead and serving Graybar on day 121 without artificially waiting for a ruling on his motion to justify the delayed service. On the other hand, it also is true that he should have pursued an Order from the trial judge on day 120 or 121. As anyone in this business recognizes, however, the availability of judges is not guaranteed. It can be difficult to get rulings on the exact day one needs them.

The Mississippi Court of Appeals' decision in *Edwards v. State Farm* sheds some light on the question – and may weigh in Graybar's favor. 117 So. 3d 639, 641 (Miss. App. 2013).

There, the plaintiff moved for an extension of time on the 120th day, like Leggett. She did not seek a ruling on the motion before finally serving the defendant on the 160th day. *Id.* The trial court and the Court of Appeals concluded that her failure to "promptly seek" a ruling meant that the good cause standard applied, not the cause standard. *Id.* Acknowledging that it made sense to force Edwards to "promptly seek" a ruling in the 40 days she had between her motion and service, however, it does not follow that the same is true of Leggett, who completed service on the 121st day. Again, the record does not reflect whether it was possible to seek a ruling on the motion in the hours that elapsed between Leggett's motion and his completed service on Graybar.

For its own part, the Mississippi Supreme Court appears to not favor dismissals where the plaintiff has shown some diligence and effected service on the 121st day. In *Foss v. Williams*, after a miscommunication between counsel, and on the eve of the 120-day deadline, three defendants were served in time while the fourth was served on the 121st day. 993 So. 2d 378, 379 (Miss. 2008). The trial judge thought this diligence established good cause for the late service of the fourth defendant, and the Mississippi Supreme Court affirmed. *Id. Foss* is different from our case in that there was no motion for extension filed, and accordingly, the good cause standard went into effect after day 120, as to the fourth defendant. But it is obviously similar to today's case in the length of time at issue and the ultimate conclusion: a one-day delay is not consequential where the plaintiff's attorney has shown diligence.

On balance, and considering the Mississippi Supreme Court's ruling in *Scafidi*, the Court finds that Mississippi law would permit Leggett's complaint to proceed.

6

## V. Conclusion

The motion is denied. The parties shall contact the Magistrate Judge's chambers within 10 days to move forward with this case.

**SO ORDERED**, this the 13th day of April, 2015.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE